IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **KELVIN CAIN,** | : | **PRISONER HABEAS CORPUS** |
| **GDC ID # 133731,** | : | **28 U.S.C. § 2254** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **SUPERINTENDENT PAYNE** | : | |
| **et al.,** | : | **CIVIL ACTION NO.** |
| Respondents. | : | **1:15-CV-2276-TWT-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, Kelvin Cain, confined in Phillips State Prison in Buford, Georgia, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [Doc. 1.] Petitioner also submitted an incomplete application to proceed *in forma pauperis*. [Doc. 2.] For the purpose of dismissal only, Petitioner's application to proceed *in forma pauperis*, [Doc. 2], is **GRANTED**.

Petitioner states that he was convicted of a drug offense in Gwinnett County on August 8, 2014. [Doc. 1 at 1, 2.] Instead of challenging that conviction, Petitioner brings claims regarding prison conditions in his § 2254 petition. [*Id.* at 5-6.] Those claims could be cognizable only in a civil rights action pursuant to 42 U.S.C. § 1983. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) (determining that habeas

AO 72A
(Rev.8/82)

and civil rights cases are "mutually exclusive"). Petitioner has filed at least three frivolous § 1983 actions and is generally barred from proceeding *in forma pauperis* in such actions pursuant to 28 U.S.C. § 1915(g). *See* Order and Opinion, *Cain v. Gwinnett Cnty. Det. Ctr. Prison Health Care Providers*, No. 1:10-cv-1476-TWT, at 2-3 (N.D. Ga. June 14, 2010) (listing Petitioner's frivolous cases). In the present case, because Petitioner submitted a § 2254 petition, the undersigned does not construe the matter as a § 1983 action.

Petitioner filed two additional § 2254 cases that (1) challenge his August 8, 2014, drug conviction in Gwinnett County, and (2) raise one or more proper grounds for habeas relief. *See Cain v. Payne*, No. 1:15-cv-2277-TWT-AJB (N.D. Ga. filed June 24, 2015); *Cain v. Baly*, No. 1:15-cv-2311-TWT-AJB (N.D. Ga. filed June 26, 2015). The Court may issue an order "to avoid unnecessary cost or delay" as to multiple actions "involv[ing] a common question of law or fact . . . ." Fed. R. Civ. P. 42(a)(3). Thus, to the extent that Petitioner intended the present case to constitute a challenge to his conviction, the Court should administratively close the case and resolve Petitioner's proper grounds for habeas relief in his two additional § 2254 actions.

Accordingly, the undersigned **RECOMMENDS** that (1) Petitioner's claims regarding prison conditions be **DISMISSED WITHOUT PREJUDICE**, and (2) the

2

AO 72A
(Rev.8/82)

present case be **ADMINISTRATIVELY CLOSED** and Petitioner's proper grounds for habeas relief be resolved in *Cain v. Payne*, No. 1:15-cv-2277-TWT-AJB (N.D. Ga. filed June 24, 2015), and *Cain v. Baly*, No. 1:15-cv-2311-TWT-AJB (N.D. Ga. filed June 26, 2015).

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  14th   day of July, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A (Rev.8/82)